*206 Opinion of the Court, by
Judge Mills.
William Mitchell, in 1805, was appointed guardian of R-achel and Eleanor Shrout,. then infants, and enter-; ed into and acknowledged his bond to secure said wards and indemnify the court, according to law, with George Wilson and Jam.es Mitchell as his. sureties, in 1813, the sureties having applied-to court for some redress against their principal, a new bond was executed by. said Mitchell, with Thomas Hutchcraft his surety, ip ail respects like the first, conditioned to account for the. -Testate which then was or might become due from him to said wards. In 1819, Rachel Shrout filed her bill against said William M’itcbeJiand his sureties,, George Wilson and James Mitchell, in th,e first-bond;, praying; an account of her share of the estate,, and. a decree, therefor. William Mitchell answered, admitting a snm In his hands. By an amended bill, she suggests her. marriage, and states (bat the sureties, George Wilson and James Mitchell, had' both departed this life, and, makes the executor of George Wilson, parly, and says nothing as to the representatives of James Mitchell., The executor answered, and alleges that his testator was released as surety, by the last bond with Thomas. Hutchcraft as surety, as before stated; In anothen-amended bill, Eleanor Shrout, the remaining ward, and: her husband, cante in as co-complainants, and Hutch-craft is made defendant; and this bill alleges, that. Hutchcraft became counter security for said George-Wilson and James Mitchell, the first securities. None of the rest of the parties, except George Wilson’s executor, answered. On a final hearing, the.court- decided that the bond given by Hutchcraft^ was a supplemental and additional bond only, and decreed the-amount in the hands of the guardian to be-paid by him and the executor of George Wilson and Hutchcraft,. jointly; and to reverse this decree, this writ of error is^ prosecuted.
(1) It is insisted that (his bill will not lie against the securities, but only an action at law can be maintain-against them. We think otherwise. Equity hag. *207 áiways entertained jurisdiction between guardian and ward, and will compel the former to account with the latter for the estate in his hands. Tf that sum is secured by bond and surety, we have no doubt that the jurisdiction as to the guardian, will draw with it the surety. It is more beneficial to the surety, that .. 1 should be so. He then has the opportunity of seeing that the account is correctly settled. If he was no ty to the suit in chancery, and can only be.sued at law after the account is settled, one of two inconveniences •must follow; either he must be bound by the decree,, to which he was not a party, and when the account might be settled erroneously, when sued at law; or, not having been party to the decree, he could not be boubd at all, and could unravel the accounts in the action at law, and compel the ward to re-travel over the whole settlement. It is, therefore, better that he should be made a party at once, when he can see to his interest; and when the chancellor thus has possession of the matter, to avoid circuity of action or multiplicity suits, he will decree the amount to be paid at once.
(2) Two wards, enti-tied to the same estate, which had not been di*y1!10'!* n'aA„. against their guar-^oririthi* the same instrument.
Q __ifthe ef/ade had & been divided, a“d as.ío . jnTn "action at law in any caSB- *
(2) .lt is insisted that these complainants cannot join in the suit, but must bring their several suits, if it be conceded, that the action at law upon such bond must be several, it does not thence follow, that such wards could not join in a suit in equity, to demand a settlement and payment from their guardian, who has undertaken lor both at the same time and by the same instrument. It is true, that when estates are ed from the hands of the persona! representative to the distributee, or his guardian, in case of his minority, it may be supposed that distribution has taken place; that the guardian has received for each his separate share, and of course may be liable to each in a separate proceeding. This, however, is riot always the case, and the payment, in case of joint distributees, may be made to their joint guardian, in one entire and undi-tided sum; and although neither the bill nor answer is explicit on this point, yet there is no allegation of any previous division or distribution of the fund, before its payment to the guardian; and as both the wards were children of the same decedent, and entitled to the same estate, the presumption is strong, that the guardian received it undivided, and that the division is still to be made. We need noi, therefore, enquire whether they- *208 could join; if the estate had been previously divided, ns we conceive that they certainly can join, when the estate never was divided, and that tins exception cannot prevail.
(3) Where a second bond of the guardian is in the same terms as the first, (not to indemnify the sureties in the first,) it is not to be regarded as a countorbond, but as additional to the first, and the securities in both arq equally bound to the Will'll, to the lull extent of the guardian’s liability.
(4) In a bill by a ward against his guardian and securities, all, even the representatives of one dead, must be made defendants.
(5) Where an additional bond has been given by the guardian, the surety in that must be joined; for they are all equally bound, and equity will equalize the burthen upon
(3) There seems tobe a contest between these sureties, about their liability. The executor of Wilson, one of the sureties in the first bond, contends that the last bond is an exoneration of the sureties in the first, while the last surety would seem to insist upon the first bearing all. With the court below, we do not deem the last bond to be given as counter security; for then it would 'have bound the last surely to indemnify the first, and it is only an additional bond for the whole amount, and not to make good the defalcations which might fall on the first; so that neither bond is a discharge of the other, and all the sureties must remain liable to the whole amount for which their principal is bound.
(4) It is, however, contended, that the representatives of James Mitchell, one of the sureties in the first bond, ought to have been brought before the court, and that the complainants, while pursuing sureties, were not at liberty to select such as suited them, and omit the rest. This exception to the proceeding is well taken. If Wilson’s representatives are liable, in case, of a failure of their principal, they would be entitled to contribution-against the representatives of James Mii-chell; and if so, the latter ought to be parties; for, otherwise, they would not be bound by the decree in this cause, and the representatives of Wilson, would, in a proceeding to enforce such contribution, be bound to prove their demand anew, as a matter not adjudicated, and thus the benefit of the decree in this cause would be lost to them.
(5) The same may be said with regard to H'utchcraft; for although he is bound in a separate bond, and is not united with the other sureties, and might not b'e supposed to have trusted to them, to make good any part of his liability, yet he is bound for the same person and for the same thing, and although there may appear to be no privity in law, between him and the others, yet equity, which delights in equality, will generally, in such case, equalize the burthen, to the extent of their identity of obligation, and here the undertaking of each appears tj? be precisely the same. The representatives *209 t>f James Mitchell ought, therefore, to have been made parties.
Bibb, for plaintiffs; WickliJje, for defendants*
The decree must, therefore, be reversed with costs, and the cause be remanded, with directions to the Court below to dismiss the bill without prejudice to any future suit for the same cause, unless the complainants shall amend their bill, and bring the representatives of James Mitchell before the court, in a reasonable time given for (hat purpose, or shall show good reasons why it cannot be done.